JUAN ALEMAÑY, Petitioner and Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent and Appellee.

No. 4678. Submitted November 28, 1928.—Decided May 27, 1929.

J. *Alemañy Sosa* for the appellant. *James R. Beverley, Attorney General,* and *Felipe Janer* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant caused to be presented in the registry of property of Mayagüez in May of 1928 several documents asking for admission to record free of incumbrances of the purchase made by various persons in 1924 of a rural property for the reason that although it was affected by a mortgage for the deferred part of the purchase price, that mortgage was paid and canceled in 1925, as appears from one of the documents presented. The documents presented were accompanied by a fee of $10 in internal revenue stamps for recording the sale, but the appellant petitioned the District Court of Mayagüez for a writ of mandamus ordering the registrar to enter the presentation of the documents, he alleging that the registrar demanded $13 for recording the sale and canceling the mortgage when the latter was unnecessary, and refused to enter the presentation of the documents in the day-book because the difference of $3 was not paid. The district court set a day for the registrar to appear and show cause why the writ should not be issued and, after hearing both parties and the evidence introduced by them, refused to issue the writ of mandamus by an order from which this appeal has been taken.

It appears from the evidence that although the presenter of the documents in the registry testified that the registrar had told him that unless he paid $3 more for the cancellation of the mortgage he could not present the documents and that an employee of the registry returned to him the documents and the $10 in internal revenue stamps which he had delivered, the registrar testified that on demanding the payment of $3 more in stamps the presenter took away the documents and did not return to the registry and that he did not refuse to enter the presentation of the documents, although he demanded $3 more.

For the issuance of a writ of mandamus it is necessary that the respondent have the ministerial duty clearly imposed by law to do what is asked of him and that he has refused

to comply with that duty; therefore, as it appears clearly that although the registrar demanded $13 instead of $10 in internal revenue stamps for the fees, he did not refuse to enter the presentation of the documents in his day-book, but the presenter took them away by reason of that demand, it was not proper to issue the writ of mandamus in the present case. Moreover, it was not clearly shown that the registrar could demand only $10 and not $3 additional for the cancellation of the mortgage, as is shown by the briefs of the parties in which the point is widely discussed with citation of various authorities as to whether, it appearing from the documents that the seller had given a mortgage for a part of the purchase price, that that mortgage was recognized and accepted by the present purchasers and that it had been extended and then paid, the registrar had to mention the said mortgage and then its cancellation, a question which can not be settled in a special proceeding like that of mandamus.

The order appealed from must be affirmed.